Slip Op. 20-70

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WIRTGEN AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, ET AL., <br><br> Defendants. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 20-00027 |

**OPINION**

[Granting Plaintiff's motion for [partial] summary judgment regarding Customs' exclusion of Plaintiff's redesigned road-milling machines from entry into the United States; Denying Defendants' motion to dismiss and cross-motion for summary judgment; Denying as moot Plaintiff's motion for preliminary injunction and bond; and Dismissing as moot the second count of Plaintiff's complaint.]

Dated: May 18, 2020

Daniel E. Yonan, Dallin G. Glenn, Michael E. Joffre, Donald R. Banowit, and Kristina C. Kelly, Sterne, Kessler, Goldstein & Fox, PLLC, of Washington, D.C., and Ryan D. Levy, Patterson Intellectual Property Law, P.C., of Nashville, TN argued for Plaintiff Wirtgen America, Inc. Seth R. Ogden also appeared.

Guy R. Eddon, Trial Attorney, Edward F. Kenny and Marcella Powell, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., argued for Defendants United States; U.S. Department of Homeland Security and Acting Secretary Chad F. Wolf; and U.S. Customs and Border Protection, Acting Commissioner Mark A. Morgan, Director of Machinery Center of Excellence and Expertise Juan J. Porras, and Chief of the Intellectual Property Rights and Restricted Merchandise Branch of the Office of Trade Charles R. Steuart. With them on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy and Justin R. Miller, Assistant Directors, and Jason Kenner, Senior Trial Counsel. Aimee Lee also appeared.

Choe-Groves, Judge: This action concerns road-milling machines that were redesigned to avoid infringing upon a registered patent. Plaintiff Wirtgen America, Inc. ("Plaintiff" or "Wirtgen") commenced this action to obtain judicial review of a decision by U.S. Customs and

Border Protection ("Customs") excluding the entry of six redesigned 1810 Series road-milling machines ("Redesigned RMM(s)") pursuant to a Limited Exclusion Order issued by the International Trade Commission ("Commission" or "ITC").  Plaintiff challenges Customs' denial of Wirtgen's protest regarding the exclusion of the Redesigned RMMs sought to be entered into the United States.  Compl. ¶¶ 1-2, ECF No. 7.  Plaintiff seeks a declaratory judgment and a court order directing Customs to grant entry of the Redesigned RMMs.  Id. ¶¶ 3–4.

Before the court are Plaintiff's Motion for [Partial] Summary Judgment, ECF No. 40 ("Pl.'s Mot. Summ. J.")[1], Plaintiff's Renewed Motion for Preliminary Relief and Bond, ECF No. 59 ("Pl.'s PI Mot."), and Defendants' Renewed Motion to Dismiss or, in the Alternative, Cross-Motion for Summary Judgment, ECF No. 80 ("Defs.' Mot. Dism.").  The court takes notice that Defendants no longer contest Wirtgen's allegation of non-infringement.  Defs.' Mot. Dism. 17, 25.  For the following reasons, the court grants Plaintiff's Motion for [Partial] Summary Judgment, denies Plaintiff's Renewed Motion for Preliminary Relief and Bond as moot, denies Defendants' Renewed Motion to Dismiss, or, in the Alternative, Cross-Motion for Summary Judgment, and dismisses Count II of the Complaint as moot.

I. **BACKGROUND**

Wirtgen is the exclusive U.S. importer of Wirtgen Group's heavy machinery under the Wirtgen, Vögele, Hamm, and Kleemann brands used primarily in road construction and maintenance.  Compl. ¶¶ 9–10; Prelim. Inj. Hr'g Tr. 18:9–13, Apr. 2, 2020, ECF No. 76 ("PI Tr.").  Wirtgen delivers the subject merchandise to a network of domestic dealers who sell to end-use customers.  PI Tr. 17:21–18:6.  This case involves Wirtgen-brand road-milling machines

---

[1] Because Plaintiff moves for summary judgment as to Count I but not Count II of the Complaint, the court will treat Plaintiff's motion as a motion for partial summary judgment.

(used interchangeably with roto millers, and cold-milling and cold-planer machines), which remove surface layers in the first stage of pavement resurfacing or maintenance. Compl. ¶ 12; Mem. P. & A. Supp. Wirtgen's Mot. Prelim. Relief & Bond 1, 5, ECF No. 60 ("Pl.'s PI Br."); PI Tr. 65:13–17.

The ITC initiated Investigation 337-TA-1088 ("1088 Investigation") under Section 337 of the Tariff Act of 1930 ("Section 337"), 19 U.S.C. § 1337, upon a patent infringement complaint filed by Caterpillar, Inc. and Caterpillar Paving Products, Inc. (collectively, "Caterpillar").[2] Certain Road Construction Machines and Components Thereof, 82 Fed. Reg. 56,625, 56,625 (Int'l Trade Comm'n Nov. 29, 2017) (institution of investigation by Commission into Section 337 violations). Caterpillar[3] alleged that Wirtgen infringed U.S. Patent No. 7,140,693 B2 ("'693 Patent"). See id. The '693 Patent claims, in relevant part, the invention of an extendable and retractable swing leg: "one wheel or track [ ] connected to a [ ] lifting column connected to [the frame of a work machine] . . . " where rotating the "wheel or track . . . includes rotating [the] lifting column." Compl. Ex. A, at 13, ECF No. 7-1 ("'693 Patent").[4] The '693 Patent includes the following illustration:

---

[2] Wirtgen filed a patent infringement complaint against Caterpillar. The Commission initiated Investigation No. 337-TA-1067 and found that Caterpillar infringed Wirtgen's patent. Certain Road Milling Machines and Components Thereof, 82 Fed. Reg. 40,595 (Int'l Trade Comm'n Aug. 25, 2017). Caterpillar appealed the Commission's decision to the U.S. Court of Appeals for the Federal Circuit. Caterpillar's appeal and Wirtgen's appeal have been consolidated in Federal Circuit Appeal No. 19-2306. Defs.' Mot. Dism. 13.

[3] Gregory Henry Dubay, Michele Orefice, and Dario Sansone are the inventors and Bitelli S.p.A. is the assignee listed on the '693 Patent. Bitelli S.p.A. assigned its rights to Caterpillar Paving Products, Inc., the current owner of the '693 Patent. Pl.'s PI Br. Ex. 2, at 7.

[4] The pages of the '693 Patent are not consecutively numbered, so, when necessary, the court will cite the '693 Patent through ECF pagination.



'693 Patent, at 4.

In the ITC proceeding, the experts disagreed on whether the yoke, a bracket that fits over the wheel track, is part of the lifting column. Pl.'s PI Br. Ex 2, at 34–35, ECF No. 60-2 (Final Initial Determination, "FID"); see '693 Patent, at 13. Caterpillar's expert opined that in the Bitelli SF 102 C[5] ("Bitelli Prior Art"), a Bitelli cold planer machine sold in the 1990s–2000s, the yoke was distinct from the lifting column because the lifting column did not rotate when the yoke rotated the rear wheel tracks, unlike the '693 Patent. FID 29, 34–35. The Administrative Law Judge agreed, concluding in the Final Initial Determination that Claim 19 is not anticipated because "[u]nlike the coaxial sleeve and bracket claimed as part of the lifting column in the '693 patent, the yoke in the [Bitelli Prior Art] is a distinct structure that rotates the tracks on a separate axis from the lifting column . . . ." Id. at 35–36.

The ITC adopted the Administrative Law Judge's Final Initial Determination that the Wirtgen W 100 CFi, W 120 CFi, and W 130 CFi Series 1810 road-milling machines

---

[5] "A Bitelli SF 102 C machine . . . was inspected during discovery in this investigation, and numerous photos and videos from the inspection were admitted into evidence." FID 29.

(collectively, "Original RMMs") infringed Claim 19 of the '693 Patent. <u>Certain Road Construction Machines and Components Thereof,</u> 84 Fed. Reg. 31,910, 31,911 (Int'l Trade Comm'n July 3, 2019) (notice of Commission final determination); Pl.'s PI Br. 6; FID 84–85.

Contemporaneous with the ITC proceeding, Wirtgen redesigned the swing leg of the Original RMMs based on the Bitelli Prior Art to avoid infringing Claim 19 of the '693 Patent and presented the swing leg redesign as evidence during the trial before the Administrative Law Judge. Statement of Undisputed Material Facts Supp. of Wirtgen's Mot. For Summ. J. ¶ 13, ECF No. 44 ("SUMF"); Compl. ¶¶ 36–41; FID 24–25. The Administrative Law Judge declined to consider the redesigned swing leg because the "design[ ] [had] not been implemented in any imported articles, however, and [was] thus outside the scope of [the] investigation. Th[is] alternate swing-leg design[ ] [was] not ripe for a determination of infringement or non-infringement in this investigation." Compl. ¶¶ 42–43; FID 25. The ITC issued a Limited Exclusion Order ("LEO") barring importation by Wirtgen of products infringing Claim 19 of the '693 Patent and issued a cease-and-desist order against Wirtgen. Limited Exclusion Order, USITC Inv. No. 337-TA-1088 (June 27, 2019), ECF No. 7-5, Ex. 4 ("LEO"); 84 Fed. Reg. at 31,911. Paragraph 1 of the LEO states: "Road construction machines and components thereof that infringe claim 19 of the '693 patent . . . are excluded from entry for consumption into the United States [or] entry for consumption from a foreign-trade zone . . . ." LEO ¶ 1. Wirtgen's appeal of the ITC's determination remains under review at the U.S. Court of Appeals for the Federal Circuit. Compl. ¶ 34; SUMF ¶ 12.

Wirtgen incorporated the redesigned swing leg into 1810 Series machines that bear the new branding of W 100 XFi, W 100 XTi, W 120 XFi, W 120 XTi, W 130 XFi, and W 130 XTi.

Id. ¶¶ 46–54. The "X" indicates that the machines have a new swing-leg redesign.[6] Compl. ¶¶ 55–56; SUMF ¶¶ 21–26.

Wirtgen's counsel met with Customs officials to explain the structure, operation, and new branding of the Redesigned RMMs on August 13, 2019. Compl. ¶¶ 65–66; Pl.'s PI Br. 7; SUMF ¶ 29. In a September 5, 2019 memorandum ("Wirtgen Memorandum") to Customs, Wirtgen's counsel submitted six photographs and nine videos of a W 120 XFi Redesigned RMM, serial number 18101069, which depict the distinction between the Redesigned RMMs and the Original RMMs, demonstrating to Customs officials that the Redesigned RMMs do not infringe Claim 19 of the '693 Patent. See SUMF ¶¶ 31–34; Compl. ¶¶ 68–82. The Wirtgen Memorandum depicts the "rotational coupling" of the Original RMM swing leg that the Administrative Law Judge found infringed Claim 19, compared to the "rotational decoupling" of the Redesigned RMM swing leg designed to avoid Claim 19 by incorporating the swing leg design of the Bitelli Prior Art. Compl. Ex. 6, at 7–10 ("Wirtgen's Mem."). The Wirtgen Memorandum also includes photographs identifying a "keyway" or visible vertical groove down the length of the lifting column. Id. at 10–13. The series of photographs of the wheel track and yoke in straight, steering left, and steering right positions shows that the lifting column keyway remains stationary regardless of the rotation of the wheel track and yoke. See id.; SUMF ¶¶ 83–85. The Wirtgen Memorandum also explains how to identify the first Redesigned RMM scheduled to arrive at the Port of Baltimore, Maryland, by the manifest and visual inspection. Compl. ¶¶ 83–85; SUMF ¶¶36–37. Wirtgen offered to make a technician available at the port to demonstrate the Redesigned RMM's operation and answer questions. Compl. ¶ 86; SUMF ¶ 38–39; Pl.'s PI Br.

---

[6] "F" and "T" indicate cost-related differences irrelevant to this case. Compl. ¶¶ 57–58; SUMF ¶ 27–28.

7. The following Redesigned RMMs were released by Customs and allowed entry:

| Imported Machines | | | | |
|---|---|---|---|---|
| Machine | Serial Number | Bill of Lading | Port | Date of Importation |
| W 120 XFI | 18101069 | WLWHDE1991383 | Baltimore | 9/9/2019 |
| W 120 XFI | 18101071 | WLWHDE1998465 | Hueneme | 10/23/2019 |
| W 120 XFi | 18101082 | KKLUHAM504913 | Brunswick | 11/11/2019 |
| W 120 XFi | 18101083 | WLWHDE2005736 | Baltimore | 11/4/2019 |
| W 120 XTi | 18101085 | WLWHDE2005736 | Baltimore | 11/4/2019 |
| W 120 XFi | 18101087 | WLWHDE2008279 | Baltimore | 11/12/2019 |
| W 120 XFi | 18101091 | KKLUHAM505319 | Baltimore | 11/23/2019 |
| W 120 XFi | 18101093 | KKLUHAM505319 | Baltimore | 11/23/2019 |
| W 120 XTi | 18101095 | KKLUHAM505566 | Brunswick | 12/13/2019 |
| W 120 XTi | 18101096 | KKLUHAM505566 | Brunswick | 12/13/2019 |

Pl's PI Br. Ex. 1, ¶ 24, Compl. ¶¶ 88–89, 91. Customs detained the following six Redesigned RMMs that are at issue in this case:

| Machines Detained and Not Released | | | | | |
|---|---|---|---|---|---|
| Machine | Serial Number | Bill of Lading | Port | Date of Detention | Date of Exclusion |
| W 120 XFi | 18101084 | WLWHDE2007062 | Brunswick | 11/18/2019 | 12/17/2019 |
| W 120 XTi - KB | 18101086 | WLWHDE2007062 | Brunswick | 11/18/2019 | 12/17/2019 |
| W 120 XTi - KB | 18101088 | KKLUHAM505320 | Brunswick | 11/21/2019 | 12/17/2019 |
| W 120 XTi - KB | 18101089 | KKLUHAM505320 | Brunswick | 11/21/2019 | 12/17/2019 |
| W 120 XFi - KB | 18101092 | KKLUHAM505320 | Brunswick | 11/21/2019 | 12/17/2019 |
| W 120 XFi | 18101094 | WLWHDE2013112 | Baltimore | 12/3/2019 | 12/27/2019 |

Pl's PI Br. Ex. 1, ¶ 26; see Compl. ¶¶ 93–100; SUMF ¶¶ 42–45, 49–50.[7] On December 9, 2019,

---

[7] Customs claims that the ten admitted Redesigned RMMs "came in very soon after the LEO was transmitted to CBP and so CBP at that moment was still in the process of creating the tools necessary to identify those machines so that it could . . . enforce the LEO." PI Tr. 178:10–15. The court notes that the record does not support this assertion. For example, Customs detained five Redesigned RMMs at the Port of Brunswick in November 2019, then subsequently allowed entry of two Redesigned RMMs at the same Port in December 2019. During oral argument, the Government could not provide a reason why some Redesigned RMMs were detained and some Redesigned RMMs were allowed entry. Customs' arbitrary application of the LEO to some Redesigned RMMs and not others undermines the Government's argument in this case.

Wirtgen submitted certifications, dated September 9, 2019, stating that the six detained Redesigned RMMs were outside the scope of the LEO.  Compl. ¶ 104.  Customs issued three notices excluding the six detained Redesigned RMMs.  Compl. Exs. B–D, ECF Nos. 7-2, 7-3, 7-4 (collectively, "Exclusion Notices").  The Exclusion Notices explain that Customs applies the LEO to all products that infringe the '693 Patent.  Id. at 2.  Customs asserted in the Exclusion Notices that Wirtgen failed to meet its burden of showing that the excluded Redesigned RMMs are non-infringing.  Id. at 3.  Customs recounted the ITC Administrative Law Judge's determination that the redesign was not ripe for a determination of infringement or non-infringement.  Id. at 3–4 (citing FID 24–25).  Customs refused to accept Wirtgen's certification without an ITC or Customs determination.  Id. at 5.  The Exclusion Notices advise that importers may seek prospective guidance on whether a product is subject to an exclusion order through an ITC advisory opinion or a Customs Part 177 ruling.  Id. (citing 19 C.F.R. § 210.79; 19 C.F.R. pt. 177).

The U.S. Patent Trial and Appeal Board ("PTAB") issued a Final Written Decision as to Wirtgen's petition for *inter partes* review of the '693 Patent.  Wirtgen America, Inc. and Joseph Vögele AG v. Caterpillar Paving Prods., Inc., IPR2018-01201, Paper 32 (PTAB Dec. 13, 2019).  The PTAB concluded that all claims, including Claim 19, were unpatentable as obvious according to certain prior art.[8]  Id. at 34–35.  Wirtgen is not challenging the validity of the '693 Patent before this court.

---

[8] The PTAB issued a second Final Written Decision concluding that all claims were valid and patentable on separate grounds based on different prior art.  Wirtgen America, Inc. and Joseph Vögele AG v. Caterpillar Paving Prods., Inc., IPR2018-01202, Paper 29 (PTAB Dec. 23, 2019).  The two Final Written Decisions are independent; the second Final Written Decision has no effect on the PTAB's conclusion in the first Final Written Decision.  PI Tr. 159:17–160:11.

On December 24, 2019, Wirtgen filed a protest as to the first five Redesigned RMMs excluded by Customs on December 17, 2019. Compl. Ex. E, ECF No. 7-5. Wirtgen lodged a protest on December 31, 2019 as to the sixth Redesigned RMM excluded on December 27, 2019. Compl. Ex. F, ECF No. 7-6. The protests included the non-infringement argument and substantiation from the Wirtgen Memorandum, with the complete Wirtgen Memorandum attached. Compl. Ex. E, at 13–22. Customs denied both protests and announced that Customs believes its exclusion decisions are not subject to protest or review by the U.S. Court of International Trade because the ITC is the only agency with authority to make infringement determinations in the context of Section 337. Compl. Exs. G, H, at 2, 18, ECF Nos. 7-7 ("HQ H308232"), 7-8 ("HQ H308399") (collectively, "Protest Denials")[9]; Defs.' Mot. Dism. 24.

Wirtgen brought an action against Defendants in the U.S. District Court for the District of Columbia, 20-cv-0195, claiming that Customs' application of the LEO to the Redesigned RMMs was arbitrary and capricious, violated the Appointments Clause of the U.S. Constitution, and denied procedural due process. Compl. ¶ 7. Wirtgen sought a temporary restraining order, preliminary injunction, and declaratory relief to prevent Defendants from excluding or seizing Redesigned RMMs imported in the future. Id. The case was dismissed by the U.S. District Court for the District of Columbia for lack of subject matter jurisdiction. Notice Suppl. Auth., ECF No. 53. Wirtgen has appealed the dismissal to the U.S. Court of Appeals for the District of Columbia Circuit, which denied Wirtgen's request for expedited review on April 6, 2020. Defs.' Opp'n to Pl.'s Renewed Mot. Prelim. Relief & Bond, at 6 & n.2, ECF No. 74 ("Defs.' Opp'n") (citing USCA Case No. 20-5064, Doc. No. 1836940).

---

[9] The second denial HQ H308399 incorporated the first denial HQ H308232 by reference, so, when necessary, the court will cite the Protest Denials through the first denial HQ H308232 pagination.

The ITC initiated a modification proceeding of the LEO on January 16, 2020. Id. at 5. The parties to the modification proceeding have exchanged contentions and an inspection of a Redesigned RMM was conducted at a port in Georgia. PI Tr. 207:18–25. The modification proceeding in the ITC is ongoing, with a determination and recommendation expected in approximately June 2020. Pl.'s PI Br. 2 n.2; PI Tr. 207:25–208:9.

Before this Court, Wirtgen sought a temporary restraining order and preliminary injunction. Pl.'s Mot. TRO & Prelim. Inj., ECF No. 8. Wirtgen withdrew that motion, ECF No. 36, in favor of the pending [partial] summary judgment motion. Pl.'s Mot. Summ. J. The court issued an expedited scheduling order. Sch. Order, ECF No. 54, as amended, Order, ECF No. 63, as amended, Order, ECF No. 65, as amended, Order, ECF No. 78. Wirtgen filed a renewed motion for preliminary relief and bond. Pl.'s PI Mot. The court held a preliminary injunction and bond hearing. Conf. Prelim. Inj. Hr'g, ECF No. 72. The parties agreed to postpone discovery and proceed with summary judgment briefing. Joint Mot. Modify Sch. 3, ECF No. 77 ("Joint Mot."). On summary judgment, Defendants challenge Wirtgen's assertions that the Redesigned RMMs do not fall within the scope of the LEO and that Customs was wrong to reject Wirtgen's certification, but no longer contest Wirtgen's assertion of non-infringement. Defs.' Mot. Dism. 17–23. In Defendants' words, the "Government takes no position on Wirtgen's factual allegations on the issue of infringement. Rather, we will defer to the final determination of the ITC, which is considering the question as part of the modification proceeding of the LEO and respectfully request that the Court do the same." Id. at 6, 25.

## II. DEFENDANTS' RENEWED MOTION TO DISMISS

The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (protest-denied jurisdiction). See Wirtgen Am., Inc. v. United States, No. 20-00027, 2020 Ct. Intl. Trade LEXIS 30, at *31

(Ct. Int'l Trade Mar. 4, 2020) ("Wirtgen I").  It is well-settled that a federal court's jurisdiction is conferred solely by statute; an administrative agency cannot enlarge or limit a court's jurisdiction.  See Myers v. United States, 272 U.S. 52, 64 (1926); Bell v. New Jersey & Pennsylvania, 461 U.S. 773, 777 (1983).

Defendants revive their argument in Defendants' Renewed Motion to Dismiss that this Court lacks subject matter jurisdiction based on Wirtgen's purported challenge to the scope of the limited exclusion order, which Defendants argue is within the purview of the ITC rather than this Court.  Defs.' Mot. Dism. 9.  Defendants do not provide any new facts or persuasive law in support of their renewed motion to dismiss for lack of jurisdiction.  The court relies on its prior opinion in Wirtgen I regarding the Court's jurisdiction, and addresses here some additional jurisdictional issues raised by Defendants.

Defendants support their renewed motion to dismiss for lack of jurisdiction by citing a non-precedential opinion by a District Court Judge for the District of Columbia, who opined in dicta that this Court lacks jurisdiction.  It is apparent that the D.C. District Court Judge's opinion is based on a fundamental misunderstanding of Plaintiff's claims.  Defendants state, "[a]t its heart, Wirtgen's complaint challenges the scope of a limited exclusion order." Id. at 7.  This pronouncement miscasts Plaintiff's claims pending before this Court, which actually challenge Customs' denials of Plaintiff's protests, and do not seek to litigate the Section 337 patent infringement case or modify the scope of the LEO.

Customs has the authority to enforce exclusion orders.  19 U.S.C. § 1337(d) ("The Commission shall notify the Secretary of the Treasury [Customs] of its action under this subsection directing such exclusion from entry, and upon receipt of notice, the Secretary shall, through the proper officers, refuse such entry.").  Customs' authority to act against imported

merchandise is limited to the language of the ITC's Section 337 exclusion order. The LEO excludes from entry Wirtgen's "[r]oad construction machines . . . that infringe claim 19 of the '693 Patent. . . ." LEO ¶ 1; Statement of Undisputed Material Facts Supp. of Wirtgen's Mot. For Summ. J. Ex. 6 (Feb. 24, 2020), ECF No. 44 ("SUMF"). As noted in this Court's prior decision regarding jurisdiction, while ordering the exclusion from entry of Wirtgen's "[r]oad construction machines . . . that infringe claim 19 of the '693 Patent. . . ", LEO ¶ 1, the Limited Exclusion Order does not address the Redesigned RMMs. Wirtgen I at 7. "Thus, according to the facts Wirtgen alleges, the ITC did not direct Customs to exclude the six Redesigned 1810 Series machines from entry, and, accordingly, the decision to exclude the six Redesigned 1810 Series machines was made by Customs." Id. at 8. The court is not persuaded by Defendants' jurisdictional arguments and finds that Customs made a reviewable decision to exclude the Redesigned RMMs, which is subject to this Court's jurisdiction. Customs' denials of Wirtgen's timely protests of the exclusion of its entries vests this Court with jurisdiction pursuant to 28 U.S.C. § 1581(a).

In addition, Defendants' jurisdictional contention ignores Customs' own regulations and directives setting forth the rules governing how Customs makes decisions when administering the ITC Section 337 exclusion order enforcement process. In deciding whether Wirtgen's Redesigned RMMs infringe Claim 19 of the '693 Patent under the LEO, Customs was required to follow its own regulations and directives to enforce the exclusion order. See United States v. UPS Customhouse Brokerage, Inc., 575 F.3d 1376, 1382–83 (Fed. Cir. 2009) (citing Ft. Stewart Schools v. Fed. Labor Relations Auth., 495 U.S. 641, 654 (1990) ("It is a familiar rule of administrative law that an agency must abide by its own regulations.")); Kemira Fibres Oy v. United States, 61 F.3d 866, 875–76 (Fed. Cir 1995) ("[W]e strongly deplore Commerce's or any

other agency's failure to follow its own regulations. Such failure harms those who assume agency compliance and are prejudiced by the non-compliance.").

Customs' regulation governing the enforcement of exclusion orders is found at 19 C.F.R. § 12.39, which states in relevant part:

> (b)(1) If the Commission finds a violation of Section 337, or reason to believe that a violation exists, it may direct the Secretary of the Treasury [Customs] to exclude from entry into the United States the articles concerned which are imported by the person violating or suspected of violating Section 337. . . . [A]rticles covered by the determination will be refused entry.

19 C.F.R. § 12.39(b)(1).

Customs Directive No. 2310-006A sets forth Customs' policies and procedures concerning Section 337 exclusion orders as follows:

> **Exclusion Orders. . . .**
>
> 3. **Background**. . . . Subsequent to an investigation of an alleged violation under Section 337, where the U.S. International Trade Commission (ITC) determines that Section 337 has been violated, the Commission may issue orders directing the Secretary of the Treasury [Customs] to exclude the subject goods from entry into the United States. . . .
>
> 4. **Enforcement**. In general, Exclusion Orders issued by the ITC are administered by the [Customs] Office of Regulations & Rulings, IPR Branch. . . .
>
> 4.1.1. *Given the highly technical nature of articles which are the subject of most Exclusion Orders, Customs officers should seek the advice of Customs laboratories, which provide technical assistance in determining whether goods meet the parameters of the subject patent.* Field officers may contact the designated field laboratory servicing their geographic area or the Laboratories and Scientific Services at Customs Headquarters for advice.
>
> 4.1.2. *Where goods determined to be subject to an Exclusion Order are presented to Customs, field officers must exclude the goods from entry into the United States* and permit export. . . .

> 4.1.3. Written notification of such exclusion must be provided to the importer. A sample letter to be issued to the importer in such a case is attached to this Directive. . . .
>
> 5. **Responsibilities**. Customs field officers are responsible for following this Directive. Area/Port Directors, Assistant Port Directors (Trade Operations), supervisory import specialists, and supervisory inspectors are responsible for ensuring that their staffs are aware of the content of this Directive and adhere to the guidelines provided.

Exclusion Orders, Customs Directive No. 2310-006A (Dec. 16, 1999), https://www.cbp.gov/sites/default/files/documents/2310-006a_3.pdf (last visited May 2, 2020) ("Customs Directive") (emphasis added). This Customs Directive demonstrates clearly to the court that Customs plays an active role "in determining whether goods meet the parameters of the subject patent." Id. The Customs Directive also makes apparent that Customs must render substantive decisions as to whether "goods [are] determined to be subject to an Exclusion Order." See id.

Moreover, the Customs Directive specifies Customs' procedures in conducting a substantive assessment of whether goods meet the parameters of the subject patent, which directly contradicts Defendants' position in this litigation that Customs plays no role in assessing infringement and that the ITC has sole jurisdiction over patent analyses subject to ITC Section 337 exclusion orders. The court is unpersuaded by Defendants' assertion that it is not proper or possible for Customs to conduct a substantive patent analysis to determine whether proposed entries fit within the parameters of a Section 337 exclusion order. Defendants' argument suggests that, absent a pre-importation ruling request to Customs under Part 177, only the ITC can make an infringement determination before allowing an entry into the United States. Defendants' argument seeks to render the protest process null and void when goods that could be subject to an exclusion order are presented to Customs, and directly contradicts Customs' own

directives. It simply does not make sense to condone Customs' failure to follow its own regulations and directives. The court concludes that Customs must determine whether goods meet the parameters of the subject patent when enforcing a Section 337 exclusion order.

In this case, the LEO did not specify which road construction machines were infringing, so Customs was required to conduct an examination according to its policies and procedures to determine whether Wirtgen's unadjudicated entries were excludable under the LEO for meeting the parameters of Claim 19 of the '693 Patent. Even though Customs did not issue a written patent infringement analysis as it has in similar cases, see, e.g., One World Techs. v. United States, 42 CIT __, 357 F. Supp. 3d 1278 (2018), and Corning Gilbert, Inc., v. United States, 37 CIT __, 896 F. Supp. 2d 1281 (2013), the court notes that the policies and procedures in Customs Directive No. 2310-006A applied to Customs' actions here. The court concludes that Customs' written Exclusion Notices had the effect of determining that the entries in question met the parameters of the subject patent. Customs' decision that Wirtgen's Redesigned RMMs infringe Claim 19 of the '693 Patent and fall within the LEO was more than the performance of a merely ministerial function to simply enforce the LEO. See, e.g., Exclusion Notices at 7 (Customs stated that Wirtgen's Redesigned RMMs are "excluded from entry for consumption into the United States"). Because the entries were not released by Customs within the prescribed time, and because Customs issued its decisions excluding Wirtgen's entries, the unreleased subject merchandise are considered excluded for the purposes of 19 U.S.C. § 1514. Wirtgen filed timely protests of the exclusion from entry pursuant to 19 C.F.R. § 174. Although Customs claims that the exclusion made pursuant to the LEO "is not a subject matter subject to protest," the court concludes that Customs' Protest Denials serve as *de facto* denials of Wirtgen's protests pursuant to 28 U.S.C. § 1581. See HQ H308232, at 3.

Customs cannot attempt to limit this Court's jurisdiction by purporting that it did not make an exclusion determination and did not deny Wirtgen's protests. See Myers, 272 U.S. at 64 (1926); Bell, 461 U.S. at 777. The court concludes that Customs made a reviewable determination when it excluded the Redesigned RMMs and denied Wirtgen's timely-filed protests of the exclusion from entry of the Redesigned RMMs under the LEO. See Exclusion Notices, at 2 ("The above-identified exclusion order . . . extends to all products . . . that infringe the relevant intellectual property."). Thus, jurisdiction is properly vested in this Court pursuant to 28 U.S.C. § 1581(a) for protests denied.

This Court previously issued an opinion explaining at length that the U.S. Court of International Trade has proper jurisdiction over this matter. See Wirtgen I. Defendants have not argued that the occurrence of subsequent events have impacted this Court's jurisdiction, nor have Defendants put forward any persuasive arguments that would warrant disturbing this Court's prior analysis finding jurisdiction. Upon consideration of Defendants' Renewed Motion to Dismiss, nothing provided by Defendants convinces this Court that it is ousted of jurisdiction over this matter. Accordingly, for the reasons stated in Wirtgen I and in this opinion, the Court denies Defendants' Renewed Motion to Dismiss.

### III. WIRTGEN'S MOTION FOR [PARTIAL] SUMMARY JUDGMENT

Summary judgment, including partial summary judgment, is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." USCIT R. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Wirtgen's Complaint focuses on whether Customs' denial of Wirtgen's protests of the

exclusion of the six Redesigned RMMs was improper because the Redesigned RMMs do not infringe Claim 19 of the '693 Patent. Pl.'s PI Br. 10. The sole issue before this court on summary judgment is whether Customs properly excluded the six Redesigned RMMs as infringing merchandise pursuant to the LEO. The court reviews actions involving denied protests *de novo*. 28 U.S.C. § 2640(a)(1).

The court concludes that Customs' exclusion was not proper because the redesigned RMMs are non-infringing. It is undisputed that the redesigned machines do not infringe Claim 19 of the '693 Patent, based on the significant development that Defendants are not contesting Wirtgen's assertion of non-infringement. Joint Mot. 4; Defs.' Mot. Dism. 17, 25. The Parties stated in a joint motion that "Defendants do not contest Wirtgen's allegation of non-infringement and will take no position on the issue of non-infringement in opposition to Wirtgen's pending motion for summary judgment beyond seeking deference to the [ITC's modification proceeding]." Joint Mot. 4. Defendants' brief in opposition to Plaintiff's motion for summary judgment does not argue affirmatively that the Redesigned RMMs infringe Claim 19 of the '693 Patent, but instead takes the position that "the ITC is the agency with paramount authority and responsibility for making infringement determinations in the context of section 337." Defs.' Mot. Dism. 24.

The court finds that Defendants have waived any argument of infringement because the Government failed to contest non-infringement in its opposition to Plaintiff's motion for summary judgment. See USCIT R. 56(e); Saab Cars USA, Inc. v. United States, 434 F.3d 1359, 1369 (Fed. Cir. 2006) (noting that when a party fails to provide opposing evidence to respond to a moving party's motion for summary judgment, a court can enter judgment against the nonresponsive party if the moving party is otherwise entitled as a matter of law). In this case,

Wirtgen as the movant alleged that its Redesigned RMMs do not infringe Claim 19 of the '693 Patent, and Defendants failed to provide any opposing evidence responsive to Wirtgen's claim of non-infringement. Accordingly, the court finds that Defendant waived any argument of infringement to rebut Plaintiff's allegation of non-infringement in support of its motion for summary judgment. It is undisputed, therefore, that Wirtgen's Redesigned RMMs are non-infringing.

For the foregoing reasons, based on the undisputed facts, the court holds that Wirtgen's Redesigned RMMs do not infringe Claim 19 of the '693 Patent. The court holds also that Customs' denials of Wirtgen's protests were improper because the non-infringing Redesigned RMMs should not have been excluded pursuant to the LEO. Plaintiff's motion for [partial] summary judgment is granted.

## IV. REMEDY

The court considers the proper remedy in light of the granting of partial summary judgment for Plaintiff.

This Court has the authority to order Customs to release articles for entry into the United States. 19 U.S.C. § 1499(c)(5)(C). In granting a permanent injunction, a court must be satisfied that: "(1) [the plaintiff] has suffered an irreparable injury;" (2) legal remedies, including monetary damages, "are inadequate to compensate the injury;" (3) the balance of the parties' hardships warrants equitable relief; and (4) "the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

In this case, Wirtgen has demonstrated irreparable injury. Wirtgen is unable to recognize revenue and profits for the excluded Redesigned RMMs, PI Tr. 109:14–110:4, Pl.'s PI Br. 30–31, and has suffered loss of goodwill. PI Tr. 58:12–14; Pl.'s PI Br. 32–33 (citing Pl.'s PI Br. Ex.

4, Decl. of Robert Forest McDuff, Ph.D ¶ 29, Jan. 13, 2020, ECF No. 60-4 ("McDuff Decl."); Pl.'s PI Br. Ex. 1, Decl. of Jan Schmidt ¶ 4, 30–35, 37, 40, Jan. 12, 2020, ECF No. 60-1 ("Schmidt Decl.")). Wirtgen has also established a likelihood of loss of sales and market share if its customers who verbally committed to purchase the Redesigned RMMs rescind and look for alternatives from Wirtgen's competitors due to Wirtgen's failure to deliver. Schmidt Decl. ¶¶ 7, 10, 11, 39; PI Tr. 20:13–15, 22:4–8, 24:16–24; 98:10–18; Pl.'s PI Br. 3.

Wirtgen explained that its injury cannot be compensated through legal remedies. Loss of goodwill and market share destroys Wirtgen's relationships with its end-use customers that have been developed over decades based on Wirtgen's reliability in a competitive and time-sensitive industry. See PI Tr. 58:12–14; Pl.'s PI Br. 32 (citing McDuff Decl. ¶ 29; Schmidt Decl. ¶¶ 30–35, 37, 40). Damage to business relationships and the loss of future sales to loyal customers cannot be repaired by money damages available at law.

The balance of hardships favors equitable relief. Wirtgen has demonstrated hardship in the form of irreparable injury. Defendants have not asserted any hardship that would befall Defendants if the court were to issue an injunction and release the Redesigned RMMs.

Defendants contend that the public interest favors protecting intellectual property rights and domestic industries by excluding Wirtgen's Redesigned RMMs. Defendants undermined their own arguments, however, because Customs permitted ten Redesigned RMMs to enter the United States between September and December 2019, see Schmidt Decl. ¶ 24; PI Tr. 178:8–9, and Defendants do not contest Wirtgen's assertion of non-infringement, Defs.' Mot. Dism. 17, 25. The public interest in protecting domestic intellectual property rights is not served where undisputedly non-infringing goods are denied entry into the United States.

In sum, equity warrants a permanent injunction for the immediate release of the six

excluded Redesigned RMMs for entry into the United States.

### V.   WIRTGEN'S MOTION FOR PRELIMINARY INJUNCTION AND BOND

Pending before the court is Plaintiff's Renewed Motion for Preliminary Relief and Bond, ECF No. 59.  In light of the granting of the ultimate relief requested by Wirtgen in its motion for [partial] summary judgment, the preliminary injunction and bond requests are now moot.  The court denies Plaintiff's Renewed Motion for Preliminary Relief and Bond as moot.

### VI.   COUNT II OF WIRTGEN'S COMPLAINT

Under Article III of the U.S. Constitution, this court has jurisdiction over cases and controversies.  U.S. Const. art. III, § 2.  A case ceases to be an "actual and concrete dispute" required by Article III when a plaintiff obtains the relief sought.  Monk v. Shulkin, 855 F.3d 1312, 1316 (Fed. Cir. 2017) (citing DeFunis v. Odegaard, 416 U.S. 312, 317 (1974)) (internal citations omitted).  In light of the granting of the ultimate relief requested by Wirtgen in its Complaint, Count II of the Complaint is now moot.  The court dismisses as moot Count II of the Complaint.

### VII.   CONCLUSION

For the foregoing reasons, the court grants Plaintiff's Motion for [Partial] Summary Judgment, denies as moot Plaintiff's Renewed Motion for Preliminary Relief and Bond, denies Defendants' Renewed Motion to Dismiss or, in the Alternative, Cross-Motion for Summary Judgment, and dismisses as moot Count II of the Complaint.  Judgment will enter accordingly.

                                                      /s/ Jennifer Choe-Groves
                                                      Jennifer Choe-Groves, Judge

Dated:  May 18, 2020
       New York, New York